IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-03006-PAB-NRN

JOHN H. LARY JR., M.D., individually and as the representative of a class of similarly-situated persons,

    Plaintiff,

v.

BIODESIX, INC.,

    Defendant.
_____

# ORDER
_____

This matter is before the Court on Plaintiff's "Placeholder" Motion for Class Certification [Docket No. 2]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

This dispute revolves around unsolicited spam facsimiles allegedly sent by defendant. *See generally* Docket No. 1. On August 6, 2019, plaintiff John Lary, a resident of Alabama, received an unsolicited facsimile advertising one of defendant's products. *Id.* at 3, ¶¶ 8, 10-11. Plaintiff alleges that he did not provide defendant with consent to advertise its products to him over fax. *Id.* at 4, ¶ 15. Additionally, plaintiff alleges that the fax was sent to forty other individuals and did not contain an opt-out notice. *Id.*, ¶¶ 16-18. Plaintiff argues that defendant's actions violate the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* *Id.* at 8-12.

Plaintiff filed his complaint on October 22, 2019. *See* Docket No. 1. The

present motion requests that the Court certify a class under Rule 23 as to plaintiff's claim under the TCPA. See Docket No. 2.

## II. STANDARD OF REVIEW

A district court may certify a class action if the proposed class satisfies the prerequisites of Fed R. Civ. P. 23(a) as well as the requirements of one of the three types of classes in Rule 23(b). "The party seeking class certification bears the burden of proving Rule 23's requirements are satisfied." *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010) (citing *Shook v. El Paso Cty.*, 386 F.3d 963, 968 (10th Cir. 2004)). In deciding whether the proposed class meets these requirements, the district court "must accept the substantive allegations of the complaint as true," but it "need not blindly rely on conclusory allegations of the complaint which parrot Rule 23 and may consider the legal and factual issues presented by plaintiff's complaints." *Id*. (quotations omitted). "[S]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question" because the "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (quotations omitted).

## III. ANALYSIS

The Court will first consider whether plaintiff has proposed an ascertainable class. "Although not specifically mentioned in the rule, an essential prerequisite to an action under Rule 23 is that there must be a class." *Edwards v. Zenimax Media Inc.*, No. 12-cv-00411-WYD-KLM, 2012 WL 4378219, at *4 (D. Colo. Sept. 25, 2012)

(quotations omitted); *see also Carrera v. Bayer Corp.*, 727 F.3d 300, 306 (3d Cir. 2013) (noting that "[c]lass ascertainability is an essential prerequisite of a class action, at least with respect to actions under Rule 23(b)(3)" (quotations omitted)). "An identifiable class exists if its members can be ascertained by reference to objective criteria." *Donaca v. Dish Network, LLC*, 303 F.R.D. 390, 397 (D. Colo. 2014).

> Plaintiff proposes the following class:
>
> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant, (3) from whom Defendant did not obtain "prior express invitation or permission" to send fax advertisements, or (4) with whom Defendant did not have an established business relationship, or (5) where the fax advertisements did not include an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii).

Docket No. 2 at 2. The Court finds that this is an ascertainable class. It is ascertained by reference to objective criteria, namely, a four year time period, the receipt of fax advertisements, and the classification of the member in a certain group, such as lack of consent or lack of business relationship. None of the these metrics are subjective, and it is simple to determine who is in the putative class.

Rule 23(a) identifies four criteria to determine whether a class should be certified:

> (1) "the class is so numerous that joinder of all members is impracticable";
>
> (2) "there are questions of law or fact that are common to the class";
>
> (3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class"; and

(4) "the representative parties will fairly and adequately represent the interests of the class."

*CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d 1076, 1086 (10th Cir. 2014).

There is one primary issue with plaintiff's motion, commonality.  Rule 23(a)(2) focuses on whether "there are questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  The questions of law and fact need not be identical and "even a single common question will do."  *Wal-Mart Stores*, 564 U.S. at 359.  However, "[f]or a common question of law to exist, the putative class must share a discrete legal question of some kind."  *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1289 (10th Cir. 1999).  Ostensibly, the discrete legal question at issue is whether defendant sent a fax advertisement to a class member in violation of the TCPA.

However, plaintiff's class contains three categories of class members: those who did not give consent to defendant, those who did not have a business relationship with defendant, and those who received an advertisement without an opt-out notice.  Docket No. 2 at 2.  Whether defendant violated the TCPA will turn on how defendant violated the TCPA in regard to each category of plaintiff.  As a result, there is not a "discrete legal question" as to each member of the class.  *See Valdez*, 186 F.3d at 1289.  Plaintiff seems to admit as much, stating that the "proposed class definition will change after discovery defines the precise contours of the class and the advertisements that were sent."  Docket No. 2 at 2.

To show that a "discrete legal question" is common to the class, plaintiff must either narrow his class or provide evidence that the different means of allegedly

violating the TCPA that plaintiff describes in his class description ultimately turn on a single legal issue.[1]  Without a more narrow class, or more evidence, the Court cannot find that a "classwide proceeding will be efficacious in generating common answers apt to drive the resolution of the litigation."  *Martinez v. Nash Finch Co.*, No. 11-cv-02092-MSK-KLM, 2013 WL 1313921, at *5 (D. Colo. Jan. 30, 2013).  There will not be "common answers," *see id.*, to the question of whether defendant violated the TCPA with respect to the putative class members if the determination of whether such a violation occurred relies on different means of violating the TCPA.[2]

## IV.  CONCLUSION

It is therefore

**ORDERED** that Plaintiff's "Placeholder" Motion for Class Certification [Docket No. 2] is **DENIED** without prejudice.

DATED September 14, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[1] While plaintiff's proposed class has several categories of plaintiffs, plaintiff only seeks to certify a single class and does not seek to certify any subclasses.

[2] The Court notes that, beyond this specific issue, plaintiff's motion is generally lacking in substance.  Plaintiff's motion is fewer than three pages – including a header – and simply repeats the requirements of Rule 23.  *See generally* Docket No. 2.